IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10452
Summary Calendar
_____

STEPHEN BROWN

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94 CV 1940 X)
_____

September 13, 1995

BEFORE REYNALDO G. GARZA, KING, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]

Stephen Brown, a federal inmate and citizen of Jamaica, was arrested and searched when he arrived at the Dallas-Fort Worth Airport, via airplane. He was found in possession of cocaine with intent to distribute and Drug Enforcement Agents confiscated $43,400, personal baggage, and documents found during the search after his arrest. He subsequently pleaded guilty to possession of cocaine with intent to distribute, conspiracy to commit the same, and reentry of a deported alien and is serving a sentence for these offenses. After this plea of guilty, he filed a pro se "Motion to Recover Illegally Seized Property," in which he wanted to recover the $43,400, personal luggage and documents confiscated by the DEA agents when he was searched. In his motion for relief, he asked

_____

[*]Local Rule 47.5 provides: "The publicat ion of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

compensatory damages for loss of his property, including the $43,400 that was seized at the airport and, in addition to $100 per day for each day that he had been deprived of his property.

His case was sent to a magistrate judge who reported to the district court that the Court of Federal Claims had exclusive jurisdiction of all constitutional claims against the federal government for money damages exceeding $10,000. See, the Tucker Act (28 U.S.C. 2 §1491(a)(1)) and the "Little Tucker Act" (28 U.S.C. §1346(a)(2)). See also, Preseault v. I.C.C. 494 U.S. 1, 110 S.Ct. 914 (1990). The magistrate recommended that the plaintiff's complaint be dismissed pursuant to Rule 12(b)(1). The district court in the Northern District of Texas followed the recommendation and dismissed Brown's "Motion to Recover Illegally Seized Property".

Brown did not file a timely notice of appeal from the judgment. However, some six months later Brown filed a motion to reconsider the district court's decision. The district court denied the motion and Brown filed a timely notice of appeal as to denial of the motion.

We first must find that what he has filed can be denominated as Rule 60(b) motion. That motion however, cannot serve as an appeal to the original judgment where he sought his first attempt to get his money back. This court cannot treat his 60(b) motion as an appeal from the underlying judgment that Brown is complaining of. Aucoin v. K-Mart Apparel Fashion Corp., 943 F.2d 6, 8 (5th Cir. 1991). Brown therefore cannot challenge the original judgment but can only raise on appeal the district court's denial of his Rule 60(b) motion.

A denial of a Rule 60(b) motion is reviewed for abuse of discretion. We find no such abuse in this case. We see nothing in the record to allow the court to grant the motion on any kind of mistake, excusable neglect or of fraud, misrepresentation, misconduct of an adverse party, or any other reason that a 60(b) motion allows a court to grant relief.

The underlying judgment that Brown filed his 60(b) motion for reconsideration was dismissed for lack of jurisdiction. Nothing that a 60(b) motion could be granted on is present. The denial of the 60(b) motion is hereby AFFIRMED.